```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARBARA BAUMGARTEN,

                Plaintiff,
                                          ORDER ADOPTING REPORT
        -against-                         AND RECOMMENDATION
                                          07-CV-539 (JS)(AKT)
THE COUNTY OF SUFFOLK and SUFFOLK
COUNTY DEPARTMENT OF SOCIAL
SERVICES,

                Defendants.
----------------------------------X
Appearances:
For Plaintiff:      Barbara Baumgarten, Pro Se
                    P.O. Box 213
                    Holtsville, NY 11742

For Defendants:     Robert A. Caccese, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building, 5th Floor
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

The Court is in receipt of Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation for Plaintiff's order to show cause for a preliminary injunction and temporary restraining order against Defendants the County of Suffolk ("County") and Suffolk County Department of Social Services ("DSS") (collectively, "Defendants"), dated February 20, 2007 ("Report and Recommendation"). Presently pending before the Court is Plaintiff's objections to Magistrate Judge Tomlinson's recommendation that the Court deny Plaintiff's motion for a

preliminary injunction and temporary restraining order.[1]

BACKGROUND

The Report and Recommendation sets forth the facts of this case in a thorough manner, and therefore, the Court will not recite them. Additional facts, which are important to this Court's determination, are as follows.

In addition to the requests Plaintiff made to DSS for rent arrears, which are detailed in the Report and Recommendation, Plaintiff also sought a "Housing Relocation Package" from DSS two days prior to filing the Order to Show Cause. Specifically, Plaintiff sought security and one month's rent to help her relocate. In her Complaint, Plaintiff contends that she was denied the request for relocation costs. (Compl. ¶ 4.)

As set forth in the Report and Recommendation, on February 13, 2007, Chief Judge Melanie Cyganowski issued an order lifting the automatic stay previously imposed pursuant to 11 U.S.C. § 362 when Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York, <u>In re: Barbara Ann Baumgarten</u>, No. 8-06-73026. As a result of the February 13 order, the automatic stay was terminated 10 days

---

[1] The Court notes that by Order To Show Cause dated February 8, 2007, this Court denied Plaintiff's application for a temporary restraining order as premature. The Court then referred Plaintiff's application for a preliminary injunction to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation. Accordingly, this Order addresses Plaintiff's remaining application; Plaintiff's request for a preliminary injunction.

after the date of the order. As previously mentioned, the Report and Recommendation was issued on February 20, 2007, and Plaintiff had 10 days from the date of service to file objections to the Report and Recommendation.

Subsequent to the issuance of the Report and Recommendation, on February 23, 2007, Plaintiff hand-delivered a letter requesting an "immediate stay" of her eviction and a "stay" on the Report and Recommendation, which this Court construed as a second application for a temporary restraining order. Although Plaintiff's request for a temporary restraining order was no longer premature because Judge Cyganowski had ordered that the automatic stay be terminated, this Court denied Plaintiff's request because she failed to show a likelihood of success on the merits or that any serious questions existed regarding the merits. See Order, dated February 23, 2007. In addition, Plaintiff was advised that she had 10 days from the date she was served the Report and Recommendation within which to file her objections, which she filed on March 6, 2007.

On February 27, 2007, Plaintiff was given notice by the Sheriff of Suffolk County that she had 72 hours to vacate 404 Union Avenue, Holbrook, New York. Plaintiff placed her household possessions in a storage unit on March 2, 2007 and sought emergency assistance from DSS on March 5, 2007. In her emergency need request form, Plaintiff requested emergency housing and funds to pay for the storage unit. The status of such request is unknown to

3

this Court.

DISCUSSION

I.  Standard Of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition.  See FED. R. CIV. P. 72(b).  Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1)(C); see also Fed. R. Civ. P. 72(b).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original

4

arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

Plaintiff's objections are both general and specific in nature and challenge the Report and Recommendation in its entirety. The Court, therefore, will engage in a de novo review of Judge Tomlinson's Report and Recommendation. Under the de novo standard, the Court will make an independent determination of this controversy, giving no deference to any previous resolution. See Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc., 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record. See Fed. R. Civ. P. 72(b).

II. Plaintiff's Objections To The Report And Recommendation

Plaintiff filed objections to the Report and Recommendation on March 6, 2007, in which she raises the following objections: (1) Magistrate Judge Tomlinson was not qualified to hear this case because of her recusal from a completely unrelated case, Longi v. New York, No. 02-CV-5821, in which Plaintiff is a witness but not a party, (2) by virtue of the timing of Judge Cyganowski's Order dated February 13, 2007 and the Report and Recommendation, dated February 20, 2007, Defendants were permitted to execute eviction proceedings against Plaintiff before Plaintiff's time to object to the Report and Recommendation had expired, (3) Magistrate Judge Tomlinson used Plaintiff's testimony,

which was flustered, at the preliminary injunction hearing, to render her recommendation, which is inconsistent with the law, (4) the Report and Recommendation "discounts much of Plaintiff's evidence, and a pro se Complaint cannot be dismissed unless it appears 'beyond doubt' that a Plaintiff cannot prove a set of facts," (5) Plaintiff established at least two causal links between Defendants' actions and Plaintiff's eviction: (a) Defendants denied Plaintiff's application for emergency services with respect to her rent arrearage, "and despite the fact that the Plaintiff had the decision overturned in a higher State Appellate Court," Defendants failed to provide Plaintiff with the rent arrearage and "<u>this led directly to the eviction</u>;" and (b) Suffolk County police refused to press "constructive eviction" charges against Plaintiff's landlord, Grillo, because Grillo was a former police officer, and, therefore, Defendants participated in Plaintiff's "constructive eviction," and (6) Magistrate Judge Tomlinson incorrectly determined that the $3,100.00 in relocation costs sought by Plaintiff through this preliminary injunction are part of the damages Plaintiff seeks in her Complaint. Since the Court is conducting a <u>de</u> <u>novo</u> review of Plaintiff's application for a preliminary injunction, it will consider all of Plaintiff's objections when making its determination but will not necessarily analyze each objection individually.

As an initial matter, this Court will address Plaintiff's objection that Magistrate Judge Tomlinson is not qualified to hear

this case based on Judge Tomlinson's recusal in Longhi v. New York. Plaintiff is not a party in Longhi; she apparently was recently named as a witness in that case. On September 22, 2006, Magistrate Judge Tomlinson recused herself from the Longhi case pursuant to 28 U.S.C. § 455(a). Section 455(a) requires that any judge or magistrate judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Upon being advised that a former client was being added as a defendant in the Longhi case, Magistrate Judge Tomlinson recused herself even though none of the parties objected to Judge Tomlinson continuing to preside over the case. See Longhi, Order, September 21, 2006.

Plaintiff argues that 28 U.S.C. §§ 144 and 455(a) are clearly being violated. Section 144 calls for a judge's recusal where the "judge before whom the matter is pending has a personal bias or prejudice against [a party] or in favor of any adverse party." 28 U.S.C. § 144. Section 144 requires the party seeking recusal file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists." Id. The affidavit must be legally "sufficient" to provide "fair support" for the charge of bias. Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). Other than the fact that Plaintiff is named as a witness in the Longhi case, and Magistrate Judge Tomlinson recused herself as the magistrate judge in the Longhi case for reasons completely unrelated to Plaintiff and the Defendants in the instant

7

case, Plaintiff fails to identify any other reasons explaining why Judge Tomlinson is unqualified to preside over this case. Plaintiff has failed to make the required showing of bias under Section 144 nor has she raised any valid reasons suggesting that Judge Tomlinson's impartiality might reasonably be questioned as set forth in Section 455(a). Accordingly, Plaintiff's objections with respect to Magistrate Judge Tomlinson's qualifications are without merit.

With respect to Plaintiff's objections concerning the timing of Chief Judge Cyganowski's order terminating the automatic stay on the eviction and Magistrate Judge Tomlinson's Report and Recommendation, the Plaintiff could have sought, and did in fact seek, a second temporary restraining order once the stay on the eviction was lifted. Although the temporary restraining order was denied for failure to show a likelihood of success on the merits, Plaintiff was not without recourse once Chief Judge Cyganowski rendered her decision. The fact that Plaintiff was not satisfied with the outcome of her application for a temporary restraining order does not render the timing unfair.

III. <u>Jurisdiction</u>

Before the Court can consider the pending preliminary injunction motion, the Court must first determine whether it has jurisdiction over the instant motion. Based on the following reasons, the Court lacks jurisdiction to render a decision on

Plaintiff's application enjoining her eviction.[2]

   1.   <u>The Anti-Injunction Act</u>

Under the Anti-Injunction Act, federal courts are barred from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act[,]" which are to be narrowly construed. <u>Vendo Co. v. Lektro-Vend Corp.</u> 433 U.S. 623, 630, 97 S. Ct. 2881, 53 L. Ed. 2d 1009 (1977); <u>see also</u> <u>Chick Kam Choo v. Exxon Corp.</u>, 486 U.S. 140, 146, 108 S. Ct. 1684, 100 L. Ed.

---

   [2] In Plaintiff's request for a temporary restraining order and preliminary injunction, Plaintiff actually sought "a restraining order against the Defendants enjoining and barring them from commencing eviction proceedings through the Offices of the Suffolk County Sheriff." (Pl.'s Mem. of Law in Supp. of Motion Made Pursuant to Rule 65 ¶ 7.) To be clear, Plaintiff's landlord had previously commenced eviction proceedings against Plaintiff on August 1, 2006, and the Sixth District Court of Suffolk County had issued a Warrant of Eviction on November 3, 2006, which was stayed by the bankruptcy proceedings. Moreover, the owner of 404 Union Avenue, Grillo, is a private individual; Defendants do not have the ability to commence eviction proceedings against Plaintiff. (Transcript of February 12, 2007 Oral Argument, at 37-38. Reading Plaintiff's pleadings broadly and to raise the strongest arguments they suggest, however, this Court construes Plaintiff's request as one to bar Defendants, through the Suffolk County Sheriff, from executing the Warrant of Eviction and effecting the physical removal of Plaintiff from 404 Union Avenue. <u>See</u> <u>Sharpe v. Conole</u>, 386 F.3d 482, 484 (2d Cir. 2004) (construing a <u>pro se</u> complaint broadly and interpreting it to raise the strongest arguments suggested).

2d 127 (1988).  Plaintiff seeks an injunction barring her eviction, for which a Warrant of Eviction was issued by the Sixth District Court of Suffolk County on November 3, 2006. (Pl.'s Objections Ex. C.)  Accordingly, the Anti-Injunction Act applies.  See Armstrong v. Real Estate Int'l Ltd., No. 05-CV-5383, 2006 U.S. Dist. LEXIS 7630, at *7 (E.D.N.Y. Feb. 14, 2006), Camprubi-Soms v. Aranda, No. 00-CV-9626, 2001 U.S. Dist. LEXIS 11291, at *13-14 (S.D.N.Y. June 13, 2001).

    2.   Exceptions To The Anti-Injunction Act

As previously noted, there are three exceptions to the Anti-Injunction Act: expressly authorized, necessary in the aid of jurisdiction, and to protect and effectuate federal judgment. Plaintiff has not alleged that any of the enumerated exceptions applies, nor does any exception appear applicable.

The first exception applies when Congress enacts a statute that authorizes federal courts to intervene in a state proceeding, even if that authorization is not express.  See Armstrong, 2006 U.S. Dist. LEXIS 7630, at *9.  No Act of Congress authorizes federal courts to enjoin Plaintiff's eviction.  See Camprubi-Soms, 2001 U.S. Dist. LEXIS 11291, at *14.  In addition, the remedy Plaintiff seeks – barring her eviction – is not uniquely federal nor is it one that is only enforceable in federal court. See Armstrong, 2006 U.S. Dist. LEXIS 7630, at *9.  Therefore, the first exception is inapplicable in this case.

The second exception provides that federal courts may

enjoin a state proceeding "when necessary in aid" of the federal court's jurisdiction. 28 U.S.C. § 2283. The exception is quite narrow and "is triggered only when 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" Id., at *11 (quoting Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970)).

Plaintiff's underlying case is based on alleged claims of retaliation by Defendants for Plaintiff's commencement of a separate federal action against the County, among others, in August 2004. Baumgarten v. Dep't of Child Protective Servs. Case Workers, No. 04-CV-3511. Specifically, Plaintiff alleges that Defendants denied her requests for rent arrears because of the suit she filed in 2004. (Compl. ¶¶ 2-3.) Plaintiff's sole demand in the underlying federal case for alleged retaliation is monetary – one million dollars. (Id. p. 3.) This Court's ability to decide and award damages, if appropriate, in the underlying federal retaliation case will not be impaired in the absence of an injunction.[3] Accordingly, the second exception to the Anti-

---

[3] Plaintiff argues in her objections that there are at least two causal links between Defendants' acts and the eviction proceedings brought by Grillo: (1) Defendants failed to provide Plaintiff with rent arrears, which led to Plaintiff's eviction and (2) Suffolk County police refused to press "constructive eviction" charges against Grillo, because Grillo was a former

11

Injunction Act is inapplicable in this case.

Finally, the third exception – to "protect or effectuate [the Court's] judgments" – only applies where an issue has been previously presented to and decided by a federal court. See <u>MLE Realty Assocs., Inc. v. Handler</u>, 192 F.3d 259, 261-62 (2d Cir. 1999). Since Plaintiff is not seeking to protect or enforce a prior federal court judgment, this exception is also inapplicable.

As a result, this Court lacks jurisdiction to enter an injunction barring Plaintiff's eviction and, therefore, does not address the merits of such application.

## IV. Preliminary Injunction For Relocation Costs

The Court analyzes Plaintiff's remaining request for relocation costs under the well-established requirements for the issuance of a preliminary injunction.

### A. Standard Of Review

A movant seeking a preliminary injunction must establish "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships

---

police officer, and, therefore, Defendants participated in Plaintiff's "constructive eviction." (Pl.'s Objections ¶ 13.) Even taking these arguments into consideration, there is a disconnect between the eviction proceedings commenced by Grillo and Defendants' denial of Plaintiff's request for rent arrears. Regardless, however, of whether the connection exists, Plaintiff's eviction does not impair the Court's flexibility and authority to decide this case.

tipping decidedly" in the movant's favor. Fed. Express Corp. v. Fed. Espresso, Inc., 201 F.3d 168, 173 (2d Cir. 2000). Moreover, "where the movant seeks a mandatory injunction (one that will alter the status quo) rather than a prohibitory injunction (one that maintains the status quo), the likelihood-of-success standard is elevated: the movant must show a clear or substantial likelihood of success." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 97 (2d Cir. 2005). Plaintiff's request that this Court direct Defendants to provide her with relocation support is in the nature of a mandate and, therefore, the heightened burden applies.

Although mandatory injunctions are rarely granted where the movant is seeking the payment of money, "when the equities and the circumstances of the case demonstrate[] the appropriateness of the remedy" such relief, although "legal" in nature, has been granted. Columbia Broad. Sys., Inc. v. Am. Soc'y of Composers, Authors and Publishers, 320 F. Supp. 389, 392 (D.C.N.Y. 1970). Based on the fact that, without the $3,100.00 in relocation costs, Plaintiff is homeless, the Court does not view this application as a typical "legal," rather than "equitable," remedy. Accordingly, the Court will not deny Plaintiff's request outright, but instead will analyze the application under the requirements for a mandatory injunction.

B. Irreperable Harm

As both Judge Tomlinson and this Court have found, there is no doubt that Plaintiff faced irreparable harm in the absence of

injunctive relief. On February 13, 2007, Chief Judge Cyganowski lifted the automatic stay on Plaintiff's eviction effective February 27, 2007, but declined to waive re-service of the 72-hour eviction notice required under New York law. At the time the Report and Recommendation was issued, therefore, Plaintiff faced homelessness.

    C.    <u>Clear Or Substantial Likelihood Of Success On The Merits</u>

As explained above, Plaintiff's request for relocation costs requires that Plaintiff show "a clear or substantial likelihood of success." <u>Hoblock</u>, 422 F.3d at 97. That is, Plaintiff must show that she has a clear or substantial likelihood of success with respect to her underlying retaliation claims against Defendants.

In the Complaint, Plaintiff alleges that Defendants denied her repeated requests for rent arrears in retaliation for the lawsuit she commenced in August 2004. (Compl. ¶ 4.) Plaintiff argues that such actions are in violation of 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, generally, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant

acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges as secured by the Constitution of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

Furthermore, because Defendants are municipalities (or a division thereof), Plaintiff must make an additional showing. "To hold a municipality liable in a[] [Section 1983] action, 'a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995)(quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). Plaintiff fails to allege or set forth any facts that would suggest that Defendants had an official policy or engaged in a custom that denied Plaintiff of her constitutional rights. Consequently, Plaintiff has not demonstrated that she has a likelihood of success on the merits, not to mention a clear or substantial likelihood of success, with respect to her underlying retaliation claims against Defendants. As a result, Plaintiff's request for a preliminary inunction is denied.[4]

---

[4] To be clear, Plaintiff's request for a preliminary injunction is denied. This decision, however, does not mean that Plaintiff's Complaint is dismissed. Accordingly, Plaintiff's

CONCLUSION

Magistrate Judge Tomlinson, in her thorough and well-reasoned opinion, recommended that the Court deny, in its entirety, Plaintiff's motion for a preliminary injunction. Having conducted a de novo review of the matter and Plaintiff's objections, the Court agrees with Judge Tomlinson's conclusion. For the reasons set forth above, the Court hereby ADOPTS Judge Tomlinson's Report and Recommendation in its entirety and supplements it as set forth above.

                                                        SO ORDERED

                                              /s/ JOANNA SEYBERT
                                              Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
            May 15, 2007

---

objection that the Report and Recommendation "discounts much of Plaintiff's evidence, and a pro se Complaint cannot be dismissed unless it appears 'beyond doubt' that a Plaintiff cannot prove a set of facts," is without merit. The Report and Recommendation simply recommended that Plaintiff's application for a preliminary injunction be denied; it did not dismiss Plaintiff's Complaint. Plaintiff's Complaint and her claims against Defendants remain pending.