```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BARBARA BAUMGARTEN,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           07-CV-0539 (JS)(AKT)

THE COUNTY OF SUFFOLK and SUFFOLK
COUNTY DEPARTMENT OF SOCIAL
SERVICES,

                    Defendants.

----------------------------------X
APPEARANCES:
For Plaintiff:      Barbara Baumgarten, Pro Se
                    P.O. Box 213
                    Holtsville, NY 11742

For Defendants:     Arlene Zwilling, Esq.
                    Robert A. Caccese, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building, 5th Floor
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

Presently pending before the Court is Plaintiff's motion seeking permission to file an interlocutory appeal. This is Plaintiff's third motion of this kind. For the reasons that follow, Plaintiff's motion is DENIED.

## BACKGROUND

For a full discussion of this case's tortured history, see the Court's prior Orders.

## DISCUSSION

I. Interlocutory Appeal

   A. Standard of Review Under 28 U.S.C. § 1292(b)

As a general matter, courts prefer to avoid piecemeal litigation, and grant leave for interlocutory appeal only in special circumstances. Consub Celaware, LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007) (citing In re Flor, 79 F.3d 281, 284 (2d Cir. 1996)). Thus, interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases." Consub Celaware, 476 F. Supp. 2d at 309 (quoting German v. Fed. Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)).

Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292(b). Under Section 1292(b), the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion. Consub Celaware, 476 F. Supp. 2d at 309.

Under the first prong of the Section 1292(b) analysis, the district court must determine whether the "question of law" is a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." In re Worldcom, Inc., No. M47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (citations omitted). Additionally, the question must be "controlling" in the sense that determination of the issue on appeal would materially affect the litigation's outcome. Consub Celaware, 476 F. Supp. 2d at 309 (citing In re XO Commc'ns, Inc., No. 03-CV-1898, 2004 WL 360437, at *3 (S.D.N.Y. Feb. 26, 2004)). The second prong requires a genuine doubt as to the correct legal standard to be applied giving rise to a "substantial ground for a difference of opinion." In re Worldcom, 2003 WL 21498904, at *10 (citation omitted). Such a substantial ground may exist when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Lloyd's Am. Trust Funds Litig., No. 96-CV-1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) However, "[a] mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, No. 04-CV-10014, 2005 WL 3440701, at *2 (S.D.N.Y. Dec. 14, 2005)

(citations omitted).  Finally, the moving party must satisfy the third prong by demonstrating that the "'appeal promises to advance the time for trial or shorten the time required for trial.'"  Transp. Workers Union of Am., Local 100, AFL CIO v. New York City Transit Auth., 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (quoting In re Oxford Health Plans, Inc., 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).  This last factor is particularly important.  Consub Celaware, 476 F. Supp. 2d at 310 (citing Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865 66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.") and Lerner v. Millenco, L.P., 23 F. Supp. 2d 345, 347 (S.D.N.Y. 1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal.")).

B.  <u>Interlocutory Appeal is Inappropriate in this Case</u>

Plaintiff altogether fails to adequately address any prong of the Section 1292(b) inquiry.  And based on the Court's independent review of Plaintiff's application, none of the other requirements warranting interlocutory appeal are present here. Accordingly, Plaintiff's motion for interlocutory appeal is DENIED.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion seeking permission to file interlocutory appeal.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 15, 2010
Central Islip, New York